Filed: 7/31/13  P. v. Barnes CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRIAN GILBERT BARNES,<br><br>    Defendant and Appellant. | B246047<br><br>(Los Angeles County<br>Super. Ct. No. LA057069) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Susan Speer, Judge.  Affirmed.

California Appellate Project, Jonathan B. Stein, Executive Director, Richard B. Lennon for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Pursuant to a plea bargain, defendant and appellant Brian Barnes (defendant) pleaded guilty to vehicular manslaughter. Following sentencing, the trial court held a hearing on restitution and, pursuant to the stipulation of the parties, ordered defendant to pay restitution in a sum certain. Defendant thereafter filed a motion to vacate the restitution order (motion to vacate) that the trial court denied. Defendant appeals from the order denying the motion to vacate.

On appeal, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) requesting that this court independently review the entire record to determine if there are any issues, which if resolved in defendant's favor, would require reversal or modification of the judgment. Accordingly, we notified defendant that he could brief any grounds of appeal, contentions, or arguments he wanted us to consider. Defendant did not file a response brief.

Based on our independent review of the entire file, we conclude that there are no arguable issues on appeal. We therefore affirm the order denying the motion to vacate from which defendant appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information, the Los Angeles County District Attorney charged defendant in count 1 with murder in violation of Penal Code section 187, subdivision (a)[1]; in count 2 with vehicular manslaughter in violation of section 192, subdivision (c)(1); in counts 3, 4, and 5 with reckless driving resulting in injury in violation of Vehicle Code section 23105, subdivision (a); and in counts 6, 7, and 8 with leaving the scene of an accident in violation of Vehicle Code section 20001, subdivision (a). The District Attorney alleged

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

as to count 2 that defendant fled the scene of the crime within the meaning of Vehicle Code section 20001, subdivision (c).

Pursuant to a plea agreement, defendant pleaded no contest to count 2. The trial court sentenced defendant to the upper term of six years, plus an additional, consecutive five-year term based on the enhancement in Vehicle Code section 20001, subdivision (c) for fleeing the scene of the crime.

At a subsequent hearing, the trial court ordered defendant to pay restitution in the amount of $96,432.55 pursuant to a stipulation of the parties. Defendant then filed the motion to vacate that attached as an exhibit a copy of the settlement agreement between and among, inter alia, the victims of defendant's crime, defendant, and an insurance company. The motion apparently sought to offset the amount of the restitution order against the amount paid to the victims under the settlement agreement.

In a written ruling, the trial court denied the motion to vacate, stating, "Restitution to the victims in this case was the result of a stipulation by all parties in the amount of $96,432.[5]5, jointly and severally with the codefendant Armando Ayon, plus 10% interest per annum. The amount of the civil settlement in case no. LC079618, arising from the same facts was known at the time defendant stipulated to the additional restitution in the criminal case. It was determined at a hearing that the victims' damages exceeded the amount of the civil judgment and therefore, all parties entered into the agreed upon restitution in the criminal case and furthermore stipulated on October 20, 2009, that there would be no offsets from the civil judgment against the criminal restitution order.[2] Therefore, good cause not having been shown, the motion to vacate the restitution order is denied."

Defendant filed a timely appeal from the order denying the motion to vacate.

---

[2] See, e.g., *People v. Vasquez* (2010) 190 Cal.App.4th 1126, 1133-1134 and *People v. Hamilton* (2003) 114 Cal.App.4th 932, 941, holding that insurance recoveries, as part of a civil settlement, do not necessarily satisfy a restitution order; see also *People v. Jennings* (2005) 128 Cal.App.4th 42, 55; *People v. Bernal* (2002) 101 Cal.App.4th 155, 167-168.

## DISCUSSION

Pursuant to *People v. Wende, supra*, 25 Cal.3d 436, we examined the entire record to determine if there were any arguable issues on appeal. Based on that independent review, we have determined there are no arguable issues on appeal. We are therefore satisfied that minor's appointed counsel has fully satisfied his responsibilities under *Wende, supra*, 25 Cal.3d 436.

## DISPOSITION

The order denying the motion to vacate is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MOSK, J.

We concur:

TURNER, P. J.

KRIEGLER, J.

4